☐ Check if this is an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

CECCHI GORI PICTURES

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

95 - 4472901

**4. Debtor's address**

**Principal place of business**

1100    La Avenida Street
Number    Street

Building A

Mountain View    CA    94043
City    State    ZIP Code

Santa Clara
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    ZIP Code

**5. Debtor's website** (URL)

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Case: 16-53499   Doc# 1   Filed: 12/14/16   Entered: 12/14/16 19:11:22   Page



**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
MM / DD / YYYY

District _____  When _____  Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  Cecchi Gori USA, Inc.   Relationship  Affiliate

District  Northern District of California   When _____
MM / DD / YYYY

Case number, if known  Pending

Case: 16-53499   Doc# 1   Filed: 12/14/16   Entered: 12/14/16 19:11:22   Page
American LegalNet, Inc.
www.FormsWorkFlow.com

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number       Street

_____

_____

City                                State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15.** **Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Case: 16-53499   Doc# 1   Filed: 12/14/16   Entered: 12/14/16 19:11:22   Page 3 of 26

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor   **CECCHI GORI PICTURES**
         Name                                                        Case number (if known) _____

---

**16. Estimated liabilities**
☐ $0-$50,000                  ☒ $1,000,001-$10 million           ☐ $500,000,001-$1 billion
☐ $50,001-$100,000            ☐ $10,000,001-$50 million          ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000           ☐ $50,000,001-$100 million         ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million         ☐ $100,000,001-$500 million        ☐ More than $50 billion

---

███ **Request for Relief, Declaration, and Signatures**

---

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■  I have been authorized to file this petition on behalf of the debtor.

■  I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/14/2016___
            MM / DD / YYYY

✗ _____           _____Andrew De Camara_____
   Signature of authorized representative of debtor      Printed name

Title ____Chief Executive Officer____

---

**18. Signature of attorney**

✗ _____           Date ___12/14/2016___
   Signature of attorney for debtor                   MM / DD / YYYY

Ori Katz
Printed name
Sheppard, Mullin, Richter & Hampton LLP
Firm name
Four        Embarcadero Center, 17th Floor
Number      Street
San Francisco                          CA              94111
City                                   State    ZIP Code

415.434.9100                           okatz@sheppardmullin.com
Contact phone                          Email address

209561                                 CA
Bar number                             State

---


American LegalNet, Inc.
www.FormsWorkFlow.com

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Corporate Ownership Statement, List of Equity Holders, Creditors Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/14/2016                    x _____
              MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                            Andrew De Camara
                                            Printed name

                                            Chief Executive Officer
                                            Position or relationship to debtor

**WRITTEN CONSENT OF EXCLUSIVE OWNER AND BOARD
OF CECCHI GORI PICTURES
a California corporation**

**Dated December 14, 2016**

The undersigned, constituting the exclusive owner of Cecchi Gori Pictures, a California corporation (the "Corporation"), and, with respect to the resolutions below following the election of the director(s), the sole member of the board of Corporation, hereby CONSENT TO, APPROVE AND ADOPT the following resolutions:

**ELECTION OF DIRECTOR(S):**

WHEREAS, pursuant to a judgment of the Superior Court of the State of California for the County of Los Angeles, entered on September 8, 2016 in the action filed therein under Case No. BC466028 (the "State Court Action"), a true and correct copy of such judgment is attached to these resolutions, Nous S.r.l, a limited liability company organized under the laws of Italy and subject to a judicial liquidation proceeding therein, is the ultimate and exclusive owner (the "Exclusive Owner") of Cecchi Gori Pictures, a California corporation (the "Corporation"), and of Cecchi Gori USA, Inc., a California corporation ("CGU" and together with Corporation, the "Companies"), with the right and power to directly control the operations and assets of the Companies;

WHEREAS, because of certain acts as described in the State Court Action, the composition and identity of the prior board of the Corporation were placed in doubt or no longer in effect; and

WHEREAS, the Exclusive Owner wishes to determine the number of director(s) of the Corporation and to elect such director(s).

NOW, THEREFORE, BE IT RESOLVED, that the Corporation shall have one (1) director;

FURTHER RESOLVED, that, effective as of the date hereof, Andrew De Camara of Sherwood Partners be, and is hereby, elected to serve on the board of directors (the "Board") as the director of the Corporation until such time as a successor is duly elected and qualified.

**APPOINTMENT OF OFFICER(S):**

WHEREAS, as a result of the aforementioned acts described in the State Court Action, the former officers of the Corporation are no longer employees or officers of the Corporation and the Exclusive Owner and the Board desire to appoint certain new officer(s) of the Corporation, currently limited to a Chief Executive Officer.

NOW, THEREFORE, BE IT RESOLVED, that, effective as of the date hereof, Andrew De Camra of Sherwood Partners be, and is hereby, appointed as the Chief Executive Officer for Corporation (the "CEO"), to have all rights, powers and authority typically associated with such position, with such compensation on terms substantially consistent with the terms of the engagement letter presented to the Exclusive Owner.

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page 6 of 26

**RESOLUTIONS RELATED TO BANKRUPTCY FILING:**

WHEREAS, in the judgment of the Exclusive Owner and the Board, it is desirable and in the best interest of the Corporation, its creditors, members, and other interested parties, that the Companies, each be authorized and empowered to file a voluntary petition for relief (each, a "Petition") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), for the purpose of initiating a bankruptcy case (each, a "Bankruptcy Case" and collectively, the "Bankruptcy Cases").

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Exclusive Owner and the Board, taking into consideration factors and information deemed relevant by them, it is desirable and in the best interest of the Corporation, its creditors, members, and other interested parties, that the Petition be filed on behalf of the Corporation;

FURTHER RESOLVED, that filing of the Petition on behalf of the Corporation be, and the same hereby is, approved and adopted in all respects and that the CEO or any other officer of the Corporation (in such capacity, the "Authorized Officer") be and is hereby authorized and directed, on behalf of the Corporation, (i) to execute, verify and/or file with the Bankruptcy Court, or cause to be executed, verified and/or filed with the Bankruptcy Court (or direct others to do so on his behalf) all necessary documents, including, without limitation, the Petition, affidavits, schedules, motions, lists, applications, pleadings and any other supporting or ancillary documents, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that the Authorized Officer be, and is hereby, designated as the "Responsible Individual" for the Corporation in the Bankruptcy Case, and the Authorized Officer shall oversee the prosecution of the Bankruptcy Case;

FURTHER RESOLVED, that the Authorized Officer is authorized and empowered, on behalf of and in the name of the Corporation to execute, verify and file with the Bankruptcy Court, or cause to be executed, verified and/or filed with the Bankruptcy Court (or direct others to do so on his behalf) all necessary documents, including, without limitation, the petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the Bankruptcy Case and to take any and all other actions deemed necessary, proper, or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of the case;

FURTHER RESOLVED, that the Authorized Officer is authorized, directed and empowered, on behalf of and in the name of the Corporation, to retain all assistance by legal counsel, accountants or other professionals, and to take any and all action which the Authorized Officer deems necessary, proper or desirable in connection with the Bankruptcy Case;

FURTHER RESOLVED, that the law firm of Sheppard, Mullin, Richter & Hampton LLP, be, and is hereby, engaged as legal counsel for the Corporation in the Bankruptcy Case;

FURTHER RESOLVED, that the Authorized Officer, be, and is hereby, authorized, directed and empowered, on behalf of and in the name of the Corporation, to retain such other professionals,

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page 7 of 26

consultants and other third parties as deemed appropriate during the course of the Bankruptcy Case and on such terms as may be acceptable to the Authorized Officer;

FURTHER RESOLVED, that the Authorized Officer, be, and is hereby, authorized, directed and empowered, on behalf of and in the name of the Corporation, to take all such actions to obtain any authorizations, consents, waivers or approvals of any third party that such Authorized Officer deems necessary, appropriate or advisable to effect the transactions contemplated by these resolutions, and such Authorized Officer may execute and deliver or cause to be delivered such agreements and other documents and may take all such other actions as such Authorized Officer deems necessary or advisable to effect these resolutions;

FURTHER RESOLVED, that the Authorized Officer, be, and is hereby, authorized, directed and empowered, on behalf of and in the name of Corporation, to amend, supplement or otherwise modify from time to time the terms of any documents, agreements, instruments, notices, undertakings, certificates or other writings referred to in the foregoing resolutions;

FURTHER RESOLVED, that all actions lawfully done or actions lawfully taken by the Authorized Officer to seek relief on behalf of the Corporation under the Bankruptcy Code or in connection with the Bankruptcy Case and any matter related thereto, be, and they hereby are, adopted, ratified, confirmed and approved;

FURTHER RESOLVED, that the Article of Incorporation and bylaws of the Corporation and other relevant corporate documents are hereby modified, as necessary, to reflect the foregoing resolutions; and

FURTHER RESOLVED, that all actions previously taken by the Authorized Officer or counsel with respect to the matters contemplated by these resolutions are hereby adopted, ratified, confirmed and approved in all respects.

[SIGNATURE PAGE FOLLOWS]

Case: 16-53499   Doc# 1   Filed: 12/14/16   Entered: 12/14/16 19:11:22   Page 8 of 26

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

EXCLUSIVE OWNER:

Nous S.r.l,
a limited liability company organized under the laws of Italy and subject to judicial liquidation proceeding therein

By:

Name: DAVIDE FRANCO         SERGIO TORO

Title: Authorized Representative

Andrew De Camara, Director

**Attachment**

**to**

**<u>Consent Resolutions</u>**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 0 8 2016

Sherri R. Carter, Executive Officer/Clerk
By Susana C. Ontiveros, Deputy

Received

AUG 2 9 2016

Default Section

RECEIVED

AUG 3 0 2016

DEPT 42

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NOUS S.r.l., an Italian Limited Liability Corporation, DAVIDE FRANCO, as co-liquidator of NOUS S.r.l., and SERGIO TORRI, as co-liquidator of NOUS S.r.l. | Case No.: BC466028 |
| Plaintiffs, | [Assigned for all purposes to the Honorable Holly E. Kendig] |
| v. | [PROPOSED] JUDGMENT |
| CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation; VITTORIO CECCHI GORI, an individual; and DOES 1 through 10, inclusive, | Dept.: 42 |
| | Filing Date: July 25, 2011 |
| Defendants. | |

[PROPOSED] JUDGMENT

LEGAL02/36625523v1

## [PROPOSED] JUDGMENT

On August 5, 2016, this Court issued an Order striking the answers filed by Defendants Cecchi Gori Pictures ("CGP"), Cecchi Gori USA, Inc. ("CGUSA", together the "CG Entities"), and Vittorio Cecchi Gori ("Gori") and entering all of the Defendants' defaults.

Plaintiffs Nous S.r.l. ("Nous"), Davide Franco, and Sergio Torri submitted an Application for Entry of Default Judgment as to all Defendants. The Application came on regularly for hearing on September 7, 2016. The Court, having considered the parties' papers, arguments of counsel and all other matters presented to the Court, and good cause appearing therefore,

**IT IS HEREBY ORDERED AND ADJUDGED THAT**:

Plaintiff Nous is the ultimate and exclusive owner of the CG Entities. It is further ordered and adjudged that Plaintiff Nous has the right and power to directly control the operations and assets of the CG Entities.

DATED:

SEP 0 8 2016

Honorable Holly E. Kendig
Judge of the Los Angeles Superior Court

1
[PROPOSED] JUDGMENT

LEGAL02/36625523v1

**Attachment**

**to**

**<u>Consent Resolutions</u>**


December 14, 2016

Re:    Engagement Letter

This engagement letter (the "Letter") is that certain engagement letter referred to in the consent resolutions of the exclusive owner of Cecchi Gori Pictures ("CGP") and Cecchi Gori USA, Inc. ("CGU") electing Andrew De Camara ("De Camara") of Sherwood Partners, Inc. ("Sherwood") as a member of the board of CGP and CGU and appointing him as the Chief Executive Officer ("CEO") of CGP and CGU.  In this Letter, CGP and CGU are each defined as a "Client" or "Company" and collectively referred to as "Clients" or "Companies".  This Letter confirms the terms and conditions of the services to be rendered by De Camara as the CEO to Clients hereunder, including during their chapter 11 bankruptcy cases (the "Bankruptcy Cases").  De Camara will submit his invoice(s) for fees under this Letter through Sherwood.

1.    **Engagement**.  De Camara's authority and duties shall be those of an officer holding the office of the CEO and shall have the power to manage and carry out the purposes, business, property and affairs of the Companies, including, without limitation, the power to exercise on behalf of the Companies and in the name of the Companies all the powers of an officer described in the Corporations Code.  As the CEO, Mr. De Camara is expected to exercise his business judgment in discharging his duties in managing the Companies business and financial affairs and overseeing the process of collecting revenue due to the Companies and monetizing any of their assets, claims and rights.  He is also expected to utilize his expertise in managing intellectual property assets and his network in the entertainment industry during his service as the Companies' CEO.  Mr. De Camara shall also serve as the designated responsible individual in the Companies' Bankruptcy Cases following the filing of the Bankruptcy Cases.  The foregoing shall be referred to herein as the "Engagement".  For clarity, the Engagement is specifically of Mr. De Camara and not of Sherwood or any other personnel or affiliate of Sherwood.

2.    **NO RESULT GUARANTEED**.  While the goal of the Engagement is to manage the Companies with the goal of maximizing the value of Clients, neither De Camara nor Sherwood guarantees any particular result from his services.

3.    **OTHER SERVICES**.  Unless otherwise hereafter agreed in writing by De Camara or Sherwood, no other services or advice is required.  Also, while at this time the services of other personnel of Sherwood is not agreed upon under this Engagement, the parties reserve their respective rights to, at a later date, negotiate and agree upon the terms and conditions of the provision of services by such personnel.

4.    **LIMITATIONS**.  Nothing herein requires or contemplates that De Camara or Sherwood will provide any legal advice (since he/it does not practice law), any accounting or auditing services, any real estate brokerage services, or any other services requiring a license.

5.    **TERM**.  De Camara's retention by Clients as the CEO is effective upon date ("Effective Date") Mr. De Camara is appointed as an officer of the Companies and shall continue until the Engagement is concluded; or the Engagement is terminated in accordance with Paragraph 11 hereof unless otherwise agreed upon in writing between De Camara and Client.

6.    **FEES**.  As consideration for the services to be provided by De Camara, Clients shall pay Mr. De Camra the following fees, which shall be invoiced by and paid to Sherwood and are subject to Court approval following the filing of the Bankruptcy Cases:

A.    De Camara will receive an initial administrative fee ("Initial Administrative Fee") of $20,000.  The Initial Administrative Fee will be due and payable to the extent available from the Clients' cash balance as of the date of the filing of the Bankruptcy Cases.

B.      De Camara will receive an additional administrative fee ("Additional Administrative Fee") of $20,000 as soon as practically available from funds available to the Clients following the filing of the Bankruptcy Case.

C.      In addition to the Initial Administrative Fee in Section A and the Additional Administrative Fee in Section B, Clients will also pay a fee ("Transaction Fee") of any monetization of the Clients' assets, rights and claims, calculated as a percentage of the gross consideration resulting from such monetization (the "Gross Proceeds") regardless of whether the Gross Proceeds are in the form of cash, debt instruments, equity, earn out, royalties, or any other form of consideration consummated within 18 months of the date of this Letter. The Transaction Fee shall be invoiced by and paid to Sherwood upon the closing of any transaction as a cost of sale (or from litigation proceeds) to be computed as follows: (i) the Transaction Fee shall be 10% on the first $2,000,000 of Gross Proceeds; (ii) plus, 12.5% on the amount of Gross Proceeds that exceed $2,000,000 but less than $4,000,000; and (iii) plus, 15% on the amounts of Gross Proceeds in excess of $4,000,000.  Notwithstanding the foregoing, the Transaction Fee will be reduced by: (a) 50% of the amount of any hard costs that are incurred in connection with monetization of the assets, up to the first $400,000 of such hard costs; and (b) 80% of the amount of any such hard costs in excess of $400,000.  Hard costs are inclusive of, but not limited to, amounts paid to Sheppard Mullin and Niels Juul.

D.      De Camara understands that, following the filing of the Bankruptcy Cases, his compensation under this Engagement will be subject to bankruptcy court approval and he will be required to file one or more fee applications, with invoices, with the bankruptcy court with respect to such compensation.

7.    **EXPENSES**.  De Camara, through Sherwood, shall also be reimbursed upon demand (and as permitted by the Bankruptcy Court) for all reasonable out-of-pocket expenses, including, but not limited to, travel, copying costs, and any other costs incurred by De Camara in the course of his activities or actions required or permitted by this Letter.  The intent of this Letter is that the compensation payable to De Camara under Section 6 is in addition to Clients paying Sherwood to acquire for the benefit of the Companies whatever De Camara reasonably requires to perform his duties under the Engagement and which is not provided timely by Clients.

8.    **GOVERNING LAW; FORUM; ARBITRATION; JURY TRIAL WAIVER**.  This Letter and all matters related hereto shall be interpreted, governed by, and construed in accordance with the laws of the State of California applicable to agreements made and to be performed entirely in such State without reference to conflicts of law, principles or principles of comity.  Any controversies, claims or disputes relating to this Letter or arising in connection with or under this Letter or any acts, omissions or relationships contemplated or taken, occurring, or arising pursuant to or as provided in this Letter or otherwise from or in connection with the Engagement or any acts or omissions if any party or person in the cause thereof, whether relating to or arising in breach of contract, tort, equity or other claim or dispute of any kind under any theory, shall, following the filing of the Bankruptcy Cases, be heard and resolved solely by the Bankruptcy Court presiding over Client's Bankruptcy Cases.

TO THE MAXIMUM EXTENT PERMITTED BY LAW THE PARTIES WAIVE ANY RIGHT OF ANY KIND TO HAVE ANY OR ALL SUCH DISPUTES TRIED BY A JURY, WHETHER UNDER THE LAWS OR CONSTITUTIONS OF ANY STATE OR OF THE UNITED STATES OR OTHERWISE.

9.    **TERMINATION**.  Upon five (5) days written notice, either party may terminate this Letter, except as to provisions expressly stated herein to survive termination and without prejudice to rights that have accrued as of such termination, including any rights to payment that have accrued at that time, whether absolute, contingent or inchoate, liquidated or unliquidated, and however and whenever arising or asserted.  Upon any termination or expiration of this Letter, De Camara, through Sherwood, shall be entitled to prompt payment of all fees and other amounts accrued as a result of this Engagement, including those asserted after termination on account of events or matters occurring before termination, and all out-of-pocket expenses described in Paragraph 8.  Paragraphs 4, 6, 7, 8-13 of this Letter and the obligation to pay any fees and other amounts earned but unpaid described in Paragraph 6 or other

provisions of this Letter shall remain operative and in full force and effect regardless of any termination or expiration of this Letter. However, if De Camara is terminated prior to the sale of the Clients' assets, De Camara through Sherwood shall earn his Transaction Fee in accordance with Paragraph 6 if such sale is completed within 18 months of the date of termination and De Camara expended material efforts in preforming the services described above with respect to the buyer prior to termination.

10. **CONFLICTS; NO REFERRAL EXPOSURE**.  Clients acknowledges that De Camara and Sherwood and its affiliates may have and may continue to have consulting and/or other relationships with parties other than Clients, including creditors or equity holders of Clients, pursuant to which Sherwood may have or acquire information of interest to Clients.  De Camara and Sherwood acknowledge and agree that, following the filing of the Bankruptcy Cases and in connection with seeking court approval of the Engagement, they may be required to disclose relationships with creditors or investors to the extent known to De Camara and Sherwood.  Clients recognize that De Camara is being engaged hereunder to provide the services described above only to Clients.  No one other than Clients is authorized to rely upon the Engagement of De Camara hereunder or any communications, statements, advice, opinions or conduct of De Camara, and Clients are not authorized to communicate or represent to any third party any communications, opinions or work product of De Camara without his prior written consent and under circumstances where De Camara incurs no risk of liability to such third party or others on account thereof.

11. **MUTUAL REPRESENTATIONS AND WARRANTIES**.  Both Clients and De Camara hereby each represent and warrant for itself that (a) it/he, as applicable, has full and unrestricted authority and right to make and perform this Letter in accordance with its terms (subject to Bankruptcy Court approval following the filing of the Bankruptcy Cases); (b) the making or performance of this Letter by Clients or De Camara, as the case may be, shall not violate any rights of, agreements with or obligations to any third parties; (c) this Letter shall be and is a valid and binding obligation of such party which is legally enforceable in accordance with its express terms (subject to Bankruptcy Court approval following the filing of the Bankruptcy Cases); and (d) Clients or De Camara, as the case may be, shall not circumvent or otherwise frustrate the expressed intent or expressed provisions of this Letter.  APART FROM THE FOREGOING, DE CAMARA AND SHERWOOD MAKE NO REPRESENTATIONS OR WARRANTIES, WHETHER EXPRESS OR IMPLIED, AND DE CAMARA AND SHERWOOD DISCLAIM (AND CLIENTS WAIVE) ANY IMPLIED WARRANTIES OF ANY KIND, INCLUDING ANY WARRANTIES OF FITNESS OR MERCHANTABILITY OF ANY SERVICES OR ADVICE.  CLIENTS ARE SOLELY AND EXCLUSIVELY DEALING WITH DE CAMARA, AND CLIENTS AGREE THAT THEY SHALL HAVE NO RIGHTS OR CLAIMS AGAINST ANY of DE CAMARA, SHERWOOD, AFFILIATES OF SHERWOOD OR ANY OFFICER, DIRECTOR, EMPLOYEE, MEMBER, PARTNER, OR AGENT OF SHERWOOD OR ANY OF ITS AFFILIATES, NONE OF WHOM CLIENTS AGREE SHALL HAVE ANY OBLIGATIONS, DUTIES OR LIABILITIES TO CLIENTS IN CONNECTION WITH THIS LETTER OR THE ENGAGEMENT.

12. **NOTICES**.  Any notice from one party to the other sent and received within the United States, shall be sent (a) via first class certified mail, return receipt requested or (b) via a nationally recognized overnight courier capable of verifying delivery, marked for next business day delivery and shall be deemed received upon the earlier of (i) the date of actual receipt, (ii) the date such mail is refused, (iii) the date such mail is returned, or (iv) three (3) days following deposit with the U.S. Postal Service.  Notices sent or received outside the United States shall be sent via an internationally recognized overnight courier capable of verifying delivery, marked for second business day delivery and shall be deemed received upon the earlier of (i) the date of actual receipt or (ii) two (2) business days following deposit with such courier.  Herein, "business day" means a day on which such courier is open for business within the jurisdiction to which notice is delivered.  Notices shall be in writing, addressed to the person to be noticed at the address below or to such other person and/or address as may be designated from time to time in writing by such party to be noticed, and all applicable courier or postage fees shall be prepaid by the noticing party.

**If to De Camara**:

Mr. Andrew De Camara
Senior Managing Director
Sherwood Partners, Inc.
1100 La Avenida Street,
Mountain View, CA 94043

**If to Client:**

Cecchi Gori Pictures, Inc.
Cecchi Gori USA, Inc.
c/o Sheppard Mullin Richter & Hampton LLP
Attn: Mr. Ori Katz
Four Embarcadero Center
17th Floor
San Francisco, CA 94111

13. **COMPLETE AGREEMENT; SEVERABILITY; AMENDMENTS; ASSIGNMENT; CONSTRUCTION**. This Letter embodies the entire agreement and understanding between the parties hereto and contains all of the terms agreed upon by the parties with respect to the subject matter hereof, and there are no representations, agreements or understandings between the parties except as provided herein, whether expressed or implied, direct or indirect. This Letter supersedes any prior communications, agreements or understandings relating to the subject matter hereof, and this Letter may not be amended or otherwise modified or waived in any way except by a writing duly executed by both parties. No oral or implied agreements, waivers, or obligations shall be allowed to alter or affect such written provisions of this Letter. This Letter may not be assigned by any party without the prior written consent of the other parties. There shall be no third party or other beneficiaries to this Letter except as to the signing parties. Furthermore, all parties have negotiated the terms of this Letter and have had the opportunity to engage counsel to review the same. Accordingly, this Letter shall not be construed more strongly in favor or against any party hereto and shall be binding and inure to the benefit of Client, Sherwood, and their respective permitted successors and assigns. The invalidity or illegality of any provision or term contained in or made a part of this Letter shall not affect the validity of the remainder of this Letter and, where unenforceable or invalid provision would be enforceable or valid if requiring a lesser magnitude or degree of obligation or right, such provision shall be reduced to such extent needed to make such provision enforceable and valid. The headings in this Letter are inserted for convenience only and shall not affect the construction hereof.

Very truly yours,

_____
Andrew De Camara, Senior Managing Director

Fill in this information to identify the case:

Debtor name __Cecchi Gori Pictures__

United States Bankruptcy Court for the: __Northern__ District of __California__
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Nofatego LLC 137 North Larchmont Blvd #233 Los Angeles CA 90068 | Tel: (310) 962-9876 E-mail: niels.juul@nofatego.com | Professional services | | | | $1,300,000 |
| 2 DARO Film Distribution "Le Patio Palace" 41 Avenue Hector Otto 98000 Monaco MONACO | Tel: +377 97 97 16 00 Fax: +377 97 97 15 90 E-Mail: daro@daro-films.mc | Unknown | | | | $200,000 |
| 3 Wolfe, Rifkin, Shapiro, Schulman, Rabkin LLP Attn: Mark Rosenbaum 1140 West Olympic Blvd., 9th Floor Los Angeles, CA 90064 | Tel: (310) 478-4100 Fax: (310)479-1422 | Judgment lien | | | | $200,000 |
| 4 Clark & Trevithick PLC Attn: Philip W. Bartenetti 800 Wilshire Blvd Fl. 12 Los Angeles, CA 90017 | Tel: 213.629.5700 Fax: 213.624.9441 E-Mail: info@clarktrev.com | Judgment lien | | | | $121,446.57 |
| 5 Brewer and Tominaga 310 N. Westlake Boulevard, Suite 260 Westlake Village, CA 91362 | (805) 496-0075 | Fax: (805) 496-0095 E-mail: info@bandtcpas.com | Unknown | | | | $45,000 |

American LegalNet, Inc.
www.FormsWorkFlow.com

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page ...

| 6 | Motion Picture Association Of America<br>15301 Ventura Blvd.,<br>Building E<br>Sherman Oaks, CA 91403 | Tel: (818) 995-6600<br>Fax: (818) 285-4403<br>E-mail:<br>ContactUs@mpaa.org | Unknown | | | | Unknown |
|---|---|---|---|---|---|---|---|
| 7 | Paramount<br>5555 Melrose Ave<br>Los Angeles, CA 90038 | E-mail:<br>studio_operations@paramount.com | Real estate lease | | | | Unknown |
| 8 | | | | | | | |

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page 

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re    Cecchi Gori Pictures              Case No. _____

                Debtor(s)          Chapter     **11**

## LIST OF EQUITY HOLDERS

       Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following is the list of the equity security holders of the above-captioned debtor in possession as of the date hereof.

| Name and Last Known Address of Equity Interest Holder | Percentage of Interest | Type of Equity Interest |
|---|---|---|
| Nous S.r.l, a limited liability company organized under the laws of Italy[1] | 100% | Stock |

Date    12/14/2016       Signature _____

                                      Name: Andrew De Camara
                                      Title:   Chief Executive Officer

---

[1] Based on judgment entered in case before the California Superior Court, Los Angeles County, styled as *Nous S.r.l., Davide Franco, and Sergio Torri vs. Cecchi Gori Pictures, Cecchi Gori USA, Inc. Vittorio Cecchi Gori*, Case No. BC 466028.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re    <u>Cecchi Gori Pictures</u>         Case No.    _____

                   Debtor(s)            Chapter    __11__

## <u>CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)</u>

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer for the above-captioned debtor, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Nous S.r.l, a limited liability company       100%
organized under the laws of Italy[1]

☐    None [*Check if applicable*]

Date    __12/14/2016_____        Signature   _____

                                  Name: Andrew De Camara
                                  Title:   Chief Executive Officer

---

[1] Based on judgment entered in case before the California Superior Court, Los Angeles County, styled as *Nous S.r.l., Davide Franco, and Sergio Torri vs. Cecchi Gori Pictures, Cecchi Gori USA, Inc. Vittorio Cecchi Gori*, Case No. BC 466028.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

In re

CECCHI GORI PICTURES,

Debtor.

Case No.   16-_____-__

Chapter 11

## CREDITOR MATRIX COVER SHEET

     I declare that the attached Creditor Mailing Matrix, consisting of 4 sheets, contains the correct, complete and current names and addresses of all priority, secured and unsecured creditors listed in debtor's filing and that this matrix conforms with the Clerk's promulgated requirements.

DATED:  December 14, 2016

_____
Andrew De Camara
Chief Executive Officer

Amerecun Films, LLC
Attn: Gianni Nunnari
4000 Warner Blvd.
Bldg. 139, Room 201
Burbank, California 91522


Brewer and Tominaga
310 N. Westlake Boulevard, Suite 260
Westlake Village, CA 91362


California State Board of Equalization
Account Information Group MIC 29
PO Box 942879
Sacramento, CA 94279-0029


Clark & Trevithick PLC
Attn: Philip W. Bartenetti
800 Wilshire Blvd Fl. 12
Los Angeles, CA 90017


Vittorio Cecchi Gori
c/o Brent H. Blakely
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266


DARO Film Distribution
"Le Patio Palace"
41 Avenue Hector Otto
98000 Monaco

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page 23 of 26

Andrew De Camara
Sherwood Partners, Inc.
1100 La Avenida Street, Building A
Mountain View, CA 94043


Employment Development Department
Bankruptcy Special Procedures Group
PO Box 826880 MIC 92E
Sacramento, CA 94280-0001


Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952


Georgia Film Fund Twenty One, LLC
Attn: Randall Emmett & George Furia
8530 Wilshire Boulevard, Suite 420
Beverly Hills, CA 90211


Hollywood Gang Productions, LLC
Attn: Gianni Nunnari
4000 Warner Blvd.
Bldg. 139, Room 201
Burbank, California 91522


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Case: 16-53499    Doc# 1    Filed: 12/14/16    Entered: 12/14/16 19:11:22    Page 24 of 26

Motion Picture Association Of America
15301 Ventura Blvd., Building E
Sherman Oaks, CA 91403


Nofatego, LLC
Attn: Niels Juul
137 N. Larchmont Blvd., Suite 233,
Los Angeles, CA 90004


Gianni Nunnari
4000 Warner Blvd.
Bldg. 139, Room 201
Burbank, California 91522


Paramount
5555 Melrose Ave
Los Angeles, CA 90038


Martin Scorsese
Attn: Lisa Frechette
110 W. 57th Street, 5th Floor
New York, New York 10019


Sikelia Productions, Inc.
110 W. 57th Street, 5th Floor
New York, New York 10019
Attn: Lisa Frechette

Case: 16-53499   Doc# 1   Filed: 12/14/16   Entered: 12/14/16 19:11:22   Page 25 of 26

Tex Film, Inc.
Attn: Gianni Nunnari
4000 Warner Blvd.
Bldg. 139, Room 201
Burbank, California 91522


Wolfe, Rifkin, Shapiro, Schulman, Rabkin LLP
Attn: Mark Rosenbaum
1140 West Olympic Blvd., 9th Floor
Los Angeles, CA 90064