1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    ORI KATZ, Cal. Bar No. 209561
3   ROBERT K. SAHYAN, Cal. Bar No. 253763
    Four Embarcadero Center, 17th Floor
4   San Francisco, California 94111-4109
    Telephone:    415.434.9100
5   Facsimile:    415.434.3947
    Email:         okatz@sheppardmullin.com
6                  rsahyan@sheppardmullin.com

7   Proposed counsel for Debtor

8

9                   UNITED STATES BANKRUPTCY COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11  In re                                    Case No.  16-53499

12  CECCHI GORI PICTURES,
                                             Chapter 11
13              Debtor.
                                             **EX PARTE APPLICATION**
14                                           **PURSUANT TO BANKRUPTCY RULE**
                                             **1015(B) AND LOCAL RULE 1015-1**
15                                           **REQUESTING JOINT**
                                             **ADMINISTRATION OF CHAPTER 11**
16                                           **CASES**

17                                           [No Hearing Required]

18

19          Cecchi Gori Pictures ("CGP"), the above-captioned debtor and debtor-in-

20  possession, hereby moves the Court for the entry of an order directing the joint

21  administration of its case with that of Cecchi Gori USA, Inc., Case No. 16-53500

22  ("CGUSA," and together with CGP, the "Debtors") for procedural purposes only.  In

23  support of this Application, CGP submits the *Declaration of Andrew De Camara in*

24  *Support of Debtors' Bankruptcy Filing and Early Case Administration Applications* (the

25  "First Day Declaration"), filed concurrently with the Application.  In further support

26  of this Application, CGP respectfully represents as follows:

27

28

Case: 16-53499    Doc# 3    Filed: 12/14/16    Entered: 12/14/16 19:47:51    Page 1 of 6

# INTRODUCTION

1. On the date of this Application, the Debtors each commenced with this Court a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Debtors are in possession of their properties and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

3. A description of the Debtors' background and capital structure, the events leading to these bankruptcy filings, and the next steps for the Debtors' Chapter 11 Cases are set forth in the First Day Declaration, and is incorporated here by this reference.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "Local Rules").

## RELIEF REQUESTED

6. By this Application, CGP respectfully requests, pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Rules, entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of the Chapter 11 Cases for procedural purposes only, under the case number assigned to CGP.

## BASIS FOR RELIEF

7. Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates of "a debtor and an affiliate" if their petitions "are pending in the same court." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is

Case: 16-53499    Doc# 3    Filed: 12/14/16    Entered: 12/14/16 19:47:51    Page 2 of 6

defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. §101(2). The Debtors are part of the same corporate enterprise. Accordingly, the Court is authorized to jointly administer the Chapter 11 Cases for procedural purposes.

8.     In addition, Rule 1015-1 of the Local Rules provides in relevant part, as follows:

> In the event there are related bankruptcy cases, the debtor shall file a Notice of Related Case(s) at the time of filing of a petition for relief, and shall serve a copy of the notice upon the United States Trustee, other than when filed by ECF. The notice shall list the name, filing date, and case number of any related cases.

> A motion by a party in interest to transfer a case or cases shall be addressed to the Judge presiding in the earliest filed case and served on the debtors and all trustees appointed in the cases.

Local Rule 1015-1(b), (d).

9.     Pursuant to Local Rule 1015-1, the Debtors have filed the First Day Declaration and Notice of Related Cases contemporaneously with this Application. The First Day Declaration establishes that the joint administration of the Debtors' respective estates is warranted and will promote an efficient administration of the cases.

10.     Given the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as well as the Debtors' affiliation, joint administration of the Debtors' Chapter 11 Cases is warranted. The Debtors anticipate that their Chapter 11 Cases will proceed according to the same timetable and that most of the notices, applications, motions and other pleadings filed and orders entered in these cases will effect each of the Debtors. Joint administration of these cases will eliminate the need to prepare, replicate, serve, and file duplicative notices, applications, and orders, thereby saving the Debtors' estates considerable expense and resources. This will allow the Debtors and other parties-in-interest to (i) file one pleading in one case rather than separate pleadings in separate cases, (ii) combine and streamline the service of pleadings and notices on creditors and other parties-in-interest, and (iii) monitor the Chapter 11 Cases by reviewing only one docket. Further, joint administration will relieve this Court of the burden of entering duplicative orders and maintaining duplicative files and dockets. Similarly, joint administration will

Case: 16-53499     Doc# 3     Filed: 12/14/16     Entered: 12/14/16 19:47:51     Page 3 of 6

simplify the supervision of the administrative aspects of the Debtors' Chapter 11 Cases by the Office of the United States Trustee for Northern District of California.

11.     In addition, the relief requested will not adversely affect creditors' rights as the relief requested by this Application is only procedural, seeking only administrative, and not substantive, consolidation of the Debtors' estates.  Moreover, if necessary to file claims, each creditor may still file its claim against a particular estate.  In fact, the reduced costs that will result from the joint administration of these cases will inure to the benefit of all creditors.

12.     Finally, in this district, Courts have routinely permitted the joint administration of affiliated debtors' chapter 11 cases, such as these, for procedural purposes.  *See*, *e.g.*, *In re Santa Cruz Berry Farming Company, LLC*, Case No. 15-51771 (Bankr. N.D. Cal. June 17, 2015) [Docket No. 64]; *In re Clement Support Services, Inc.*, Case No. 15-50794 (Bankr. N.D. Cal. Mar. 17, 2015) [Docket No. 41].  Accordingly, the Debtors respectfully request that the court jointly administer the Debtors' Chapter 11 Cases.

## **No Prior Request for Relief**

13.     No previous application for the relief sought herein has been made to this or to any other court.

**WHEREFORE**, CGP respectfully requests that the Court grant the relief requested in this Application and such other and further relief as the Court may deem just and proper.

Dated:  December 14, 2016

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By     _____/s/ Ori Katz_____
                            ORI KATZ
                    ROBERT K. SAHYAN

                 Proposed Counsel for Debtor
                   Cecchi Gori Pictures

Case: 16-53499    Doc# 3    Filed: 12/14/16    Entered: 12/14/16 19:47:51    Page 4 of 6

**EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.    16-53499 |
| CECCHI GORI PICTURES, | Chapter 11 |
| Debtor. | **[PROPOSED] ORDER DIRECTING THE JOINT ADMINISTRATION OF RELATED CASES** |
| | [No Hearing Required] |

The Court having considered the *Ex Parte Application Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 Requesting Joint Administration of Chapter 11 Cases* (the "Application") filed by the debtor and debtor-in-possession, Cecchi Gori Pictures, on December 14, 2016 as Docket No. __, seeking an order directing the joint administration of the above-captioned chapter 11 case with the chapter 11 case of Cecchi Gori USA, Inc., ("CGUSA" and together with CGP, the "Debtors"), the declarations and other pleadings filed in support of the Application, and all pleadings and evidence of record in this case,

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED.

2.    The chapter 11 cases of Debtors shall be jointly administered under the chapter 11 case of Cecchi Gori Pictures, Case No. 16-53499.

3.    The caption of the jointly administered Chapter 11 Cases shall read as follows:

SMRH:225996301.3

-1-

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re: ) | Case No.  16-53499 |
| ) | (Jointly Administered with Case |
| CECCHI GORI PICTURES, a California ) | No. 16-53500) |
| corporation; CECCHI GORI USA, INC., ) | |
| a California corporation, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |

4.     Except as provided here, the caption page for all pleadings, notices, and orders, filed in the Debtors' cases shall be filed in Case No. 16-53499.  The docket for case number Case No. 16-53499 shall be designated as the single pleadings docket for all pleadings with respect to these jointly administered cases.

5.     Absent further order of the Court, each of the Debtors shall separately file its own schedules of assets and liabilities and statements of financial affairs, and each shall maintain its own claims register.  Proofs of claims shall be filed in each case in which the filing creditor is asserting a claim, and identify in the caption the name of the Debtor against which the claim is asserted.

**\*\*\* END OF ORDER \*\*\***