SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: okatz@sheppardmullin.com
         rsahyan@sheppardmullin.com

Counsel for Debtors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CECCHI GORI PICTURES, a California Corporation; CECCHI GORI USA, INC., a California corporation,<br><br>         Debtors. | Case No. 16-53499<br>(Jointly Administered with Case No. 16-53500)<br><br>Chapter 11<br><br>**DEBTORS' STATUS CONFERENCE STATEMENT**<br><br>Date: March 6, 2017<br>Time: 11:00 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 3020<br>       280 South First Street,<br>       San Jose, CA 95113-3099<br>Judge: Honorable M. Elaine Hammond |

TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE FOR THE BANKRUPTCY COURT OF THE NORTHERN DISTRICT OF CALIFORNIA; AND OTHER INTERESTED PARTIES:

    Cecchi Gori Pictures, a California corporation ("CGP"), and Cecchi Gori USA, Inc. ("CGUSA"), the debtors and debtors-in-possession (together, the "Debtors"), submit this Status Conference Statement in advance of the March 6, 2017 status conference.

**1.    Background**

    The Debtors commenced their bankruptcy cases by filing voluntary chapter 11 petitions on December 14, 2016 (the "Petition Date"). The Debtors are acting as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed by the United States Trustees (the "U.S. Trustee").

On January 20, 2017, the Court entered its final order approving the compensation structure for the Debtors' CEO, Andrew De Camara. On the same day, the Court entered its final order authorizing the Debtors' retention of Niels Juul as a consultant.

## 2. Debtors' Objectives in these Bankruptcy Cases

The Debtors' objectives are to recover valuable and unique assets that were fraudulently transferred while the sole director of the company and certain of his associates were in control of the company. To that end, on February 1, 2017, the Debtors commenced an adversary proceeding against these parties to avoid the transfers and recover those assets (the "Adversary Proceeding").

Once those transfers are avoided and the assets are returned, the Debtors anticipate proposing a chapter 11 plan of reorganization. The plan is anticipated to be funded via a new investment into the Debtors or through the sale of certain assets or some other transaction.

## 3. Anticipated Date for Filing a Plan and Disclosure Statement

The Debtors' initial exclusivity period to file a plan of reorganization runs through April 13, 2017. A necessary prerequisite for the Debtors' intended plan is the avoidance of the fraudulent transfers and recovery of their assets, as described above. It is anticipated that a plan and disclosure statement will be filed once the pending adversary proceeding is resolved. The timeline for resolution is estimated to be between 90 to 180 days, though it may occur sooner or could take longer. To the extent the adversary proceeding is not resolved before the initial exclusivity deadline, the Debtors anticipate seeking an extension of such deadline.

## 4. Status of MOR's and DIP Accounts

The Debtors have established debtor-in-possession accounts with East West Bank and have shared the account details with the U.S. Trustee.

The Debtors filed their respective monthly operating report for December 2016 and January 2017.

**5. Insurance**

The Debtors currently do not have employees or insurable assets. As discussed with the U.S. Trustee, the Debtors will re-evaluate their insurance needs if their circumstances change.

**6. Status of Post-Petition Tax Payments**

To the Debtor's knowledge, there are currently no post-petition taxes due or owing.

**7. Retention of Professionals**

The Debtors general bankruptcy counsel in this chapter 11 case is Sheppard, Mullin, Richter & Hampton LLP, whose retention was approved by the Court by its order entered on January 20, 2017 (docket no. 54).

**8. Cash Collateral and Obtaining Post-Petition Credit**

The Debtors have not sought to use cash collateral or obtain post-petition financing.

**9. Relief From Automatic Stay**

To date, no relief from the automatic stay has been sought.

**10. Executory Contracts And Unexpired Leases**

The Debtors have not filed any motion to assume or reject executory contracts or unexpired leases. The need or the timing for any such motion has yet to be determined.

**11. Developments**

As stated above, on February 1, 2017, the Debtors filed the Adversary Proceeding, seeking to avoid certain fraudulent transfers. In connection with that Adversary Proceeding the Debtors obtained a temporary restraining order and a right to attach order (along with a writ of attachment) against certain of the defendants. A hearing on March 6, 2017 is scheduled on a motion by the defendants to quash the writ, and the Debtors' motion for entry of a preliminary injunction.

While reviewing books and records regarding the Adversary Proceeding, the debtors learned of a $4.55 million transfer in 2012 to an entity named Pippin Management

Limited ("Pippin"). This led to further investigation that uncovered additional information. The Debtors have learned that Pippin's right to payment was purportedly assigned to it from an entity named Shiba Limited ("Shiba") and that Shiba's right to payment appears questionable. The Debtors have discovered evidence suggesting that at least two of the defendants in the Adversary Proceeding (Gabriele Israilovici and Giovanni Nappi) were involved in the transactions with Shiba and Pippin. As a result, the Debtors are in the process of evaluating whether to bring an additional adversary proceeding and/or add additional causes of action to the existing Adversary Proceeding.

Separately, the Debtors have requested that various former professionals turn over the Debtors' client files. That process has been slow, as several of the professionals are currently working for the defendants in the Adversary Proceeding and the Debtors are concerned about potential divided loyalty resulting in less than full cooperation. The Debtors have learned that at least one professional and two defendants (Gabriele Israilovici and Vittorio Cecchi Gori) were involved in the destruction of certain of the Debtors' client files in 2016, potentially in violation of a state court temporary restraining order. The Debtors' investigation into these matters is still in its early stages.

Dated: March 2, 2017

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  */s/ Ori Katz*
ORI KATZ
ROBERT K. SAHYAN

Counsel for Debtors