SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
ROBERT K. SAHYAN, Cal. Bar No. 253763
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947
Email: okatz@sheppardmullin.com
         rsahyan@sheppardmullin.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>CECCHI GORI PICTURES, a California corporation; CECCHI GORI USA, INC., a California corporation,<br><br>        Debtors. | Case No. 16-53499<br>(Jointly Administered with Case No. 16-53500)<br><br>Chapter 11<br><br>**DECLARATION OF CHRISTOPHER D. SULLIVAN IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF DIAMOND MCCARTHY LLP AS SPECIAL LITIGATION COUNSEL**<br><br>[No Hearing Requested Pursuant to Bankruptcy Local Rule 9014-1(b)(3)] |

I, Christopher D. Sullivan, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner with the law firm of Diamond McCarthy LLP ("Diamond McCarthy"). I make this declaration in that capacity. Except for those statements made upon information and belief, I have personal knowledge of the matter set forth herein, and could and would testify competently thereto if called as a witness.

2. This declaration is made in support of the concurrently-filed *Debtors' Application for Order Authorizing Employment of Diamond McCarthy LLP as Special Litigation Counsel* (the "Application"). Unless otherwise defined in this declaration, capitalized terms herein shall have the same meaning given to them in the Application.

## I.

## RELIEF REQUESTED

3. As permitted by Bankruptcy Code sections 328 and 1103(a) and Federal Rule of Bankruptcy Procedure 2014(a), the Debtors wish to employ Diamond McCarthy as its special litigation counsel, effective as of December 14, 2017, to finalize the Debtors' investigation and pursue claims against BNR on behalf of their estates on a contingent fee basis as described in the Application, with fees to be paid in such amounts as this Court may allow in accordance with 11 U.S.C. §328(a).

## II.

## DIAMOND MCCARTHY'S QUALIFICATIONS
## AND PROPOSED SCOPE OF EMPLOYMENT

4. Diamond McCarthy is well-qualified and uniquely able to serve as special litigation counsel in connection with the Debtors' claims relating to BNR. Diamond McCarthy's extensive litigation background with the specific types of claims likely to be at issue in this case will be invaluable in assessing the options for maximizing the return to creditors in this case.

5. I will lead the litigation team on behalf of Diamond McCarthy. I have twenty-five years of experience as a trial lawyer, and frequently litigate attorney malpractice actions and issues involving attorney ethics and involving the laws governing lawyers. I have litigated successfully

substantial contingency or shared risk cases on behalf of trustees and bankruptcy estates in Northern California and recovered millions of dollars, including substantial recoveries in the cases of *In re Tri Valley Growers*, *In re Heller Ehrman, LLP*, and *In re Cook*.

6. For the matter of *In re Tri Valley Growers,* I led a litigation team, which was able to recover over $34.5 million from bringing a large number of cases representing the estate of a large agricultural corporation including a suit against its grower-members; an action against directors and officers insurers that settled for more than $10 million; and a professional malpractice case against a national accounting firm.

7. I also successfully recovered approximately $5 million in a legal malpractice action against Greenberg Traurig on behalf of the Heller Ehrman bankruptcy estate.

8. The duties to be performed by Diamond McCarthy with respect to the Debtors include:

   a. Taking over and concluding the investigation of the acts and conduct of BNR;
   b. At the request of the Debtors, providing representation in all negotiations and proceedings involving BNR;
   c. Coordinating investigation and litigation activities with the Debtors' other professionals relating to the BNR matters;
   d. Making court appearances on behalf of the Debtors if required or warranted as part of its special litigation counsel role; and
   e. Taking any other action and performing any other services as the Debtors may request of Diamond McCarthy in connection with the claims against BNR.

9. Diamond McCarthy is not obligated to file or prosecute any action against BNR unless in its discretion it concludes that any such claim is factually and legally supportable and is economically viable for the firm to pursue. Diamond McCarthy has the option to seek Court approval to terminate this agreement if the firm in good faith concludes that there are no viable claims for the Debtors to pursue on behalf of either or both of their respective estates.

## III.

## COMPENSATION

10. Subject to this Court's approval, Diamond McCarthy will be employed on a mixed flat fee and contingency basis under 11 U.S.C. §328(a), subject to the terms and conditions specified in the Application and approval by the Court.

11. The contingency fee terms outlined in the Application are the result of arm's length negotiations between the Debtors and Diamond McCarthy.

12. The following schedule sets forth the current normal and customary hourly rates of the Diamond McCarthy attorneys most likely to render services in this case, which rates are subject to periodic increase:

| | | |
|---|---|---|
| Christopher D. Sullivan | Partner | $640 |
| Lesley Anne Hawes | Partner | $585 |
| Karen K. Diep | Associate | $270 |

13. In addition to Diamond McCarthy's professional fees, its billing statements will include expenses for reasonable and necessary third party and staff services employed in the course of its representation of the Debtor, as well as expenses incurred with respect to long-distance telephone calls, postage, messenger services, photocopying, filing fees, computerized legal research, and facsimile transmission. These expenses are separately itemized on Diamond McCarthy's statements at scheduled rates based on the service involved and out-of-pocket disbursements incurred. Diamond McCarthy will record these expenses in a manner and at a rate that is consistent with charges generally made to Diamond McCarthy's other clients. No expense charges will be assessed for word processing or secretarial overtime in Diamond McCarthy's representation of the Debtors. Diamond McCarthy will seek approval for reimbursement of such expenses in accordance with the contingent fee terms outlined above.

14. Diamond McCarthy understands and agrees that it must keep accurate records of its time and the hourly legal fees incurred, but does not intend for the purposes of this contingent fee agreement to keep those records in the detail required for professionals whose employment and compensation is governed by 11 U.S.C. §330.

15. In conformity with Bankruptcy Code sections 330 and 331, if there are sufficient funds available to the Debtors and their estates, Diamond McCarthy intends to file interim applications for allowance of fees and reimbursement of costs advanced as and when appropriate under the Bankruptcy Rules, the Local Rules and this Court's orders.

16. At the conclusion of the Bankruptcy Cases, Diamond McCarthy will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid. Upon allowance of such fees and costs, the Debtors will cause to be paid to Diamond McCarthy the difference between the amounts allowed and any interim compensation paid.

17. Diamond McCarthy has not shared or agreed to share any compensation related to the services to be rendered as special litigation counsel for the Debtors with any other person, except as among Diamond McCarthy firm members and/or employees.

## IV.

## CONNECTIONS WITH THE DEBTORS, BNR, AND OTHER PARTIES

18. Diamond McCarthy maintains a computerized database of its client matters. In connection with the proposed retention of Diamond McCarthy by the Debtors, Diamond McCarthy performed an internal conflicts search to ensure that Diamond McCarthy does not have a conflict of interest that would prohibit it from representing the Debtors in this matter. Specifically, Diamond McCarthy has researched its client database to determine whether it had any relationship with the following:

   a. The Debtors;
   b. BNR; and
   c. The creditors listed on each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims.

19. As Diamond McCarthy becomes aware of new parties-in-interest being involved in the Bankruptcy Cases, Diamond McCarthy will file supplemental declarations as needed to update the disclosures made herein.

20. To the best of Diamond McCarthy's knowledge, information and belief, and other than as set forth herein and in the Application, Diamond McCarthy has no interest materially adverse to (a) the Debtors' estates, (b) BNR, and (c) the Debtors' top 20 creditors, either by reason of any direct or indirect relationship to, or connection with, the Debtors, BNR or any of the top 20 creditors, or for any other reason.

21. Diamond McCarthy believes it is a disinterested person within the meaning of Bankruptcy Code section 101(14), other than as to those matters disclosed herein or in the Application.

22. To the best of Diamond McCarthy's knowledge, none of the attorneys comprising or employed by Diamond McCarthy are related to any judge of the United States Bankruptcy Court for the Northern District of California, the United States Trustee or any person employed in the Office of the United States Trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 18th day of December, 2017, at San Francisco, California.

_____
CHRISTOPHER D. SULLIVAN